Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK MARKO,

    Plaintiff,

v.

HANGZHOU NIURUI MATERIALS~~, et al.~~,

    Defendant~~s~~.

Case No.: 1:25-cv-05134

Judge Lindsay C. Jenkins

**AMENDED COMPLAINT**

Plaintiff, MARK MARKO ("Marko" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "HANGZHOU NIURUI MATERIALS » ~~the Partnerships and Unincorporated Associations~~ identified as Defendant No. 1 on Amended Schedule A attached hereto (the ~~collectively,~~ "Defendant~~s~~"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant~~s~~ since ~~each of the~~ Defendant~~s~~ directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store~~s~~ operating under the Defendant alias~~es~~ and/or the online marketplace account~~s~~ identified in Amended Schedule A attached hereto (~~collectively,~~ the "Defendant Internet

---

[1] Attached hereto as **Exhibit 2** is a redline version of this Amended Complaint.

1

Store~~s~~"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which it~~they~~ would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it~~they~~ may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3)~~Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws~~.

**INTRODUCTION**

3.  Plaintiff, Mark Marko, is the owner of the federal copyright registration that protects the creative content of Plaintiff's photographs. Marko is a photographer and designer. He started making pottery with his wife under the name "Leily Cloud," which quickly developed into a family business. They created a variety of ceramic mushroom products. Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.

4.  This action has been filed by Plaintiff to combat an online copyright infringer~~s~~ who ha~~ve~~s reproduced and displayed Plaintiff's copyrighted photographs without authorization. Defendan~~ts~~t trade~~~~s upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products using Plaintiff's photographs in ~~their~~ its online listings.

5.  Plaintiff is the owner of United States Copyright Registration No. VA 2-335-575 (the "Mark Marko Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predate the Defendant's~~'~~ acts of copyright infringement.

6. <ins>Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one Defendant Internet Store and used the Mark Marko Work without authorization to make illegal profit. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district</ins><del>Defendants have created numerous Defendant Internet Stores and used the Mark Marko Work without authorization to make illegal profit</del>.

7. <ins>Plaintiff is forced to file this action to combat Defendant's piracy of the Mark Marko Work. Plaintiff has been irreparably damaged by Defendant's infringement and seeks injunctive and monetary relief</ins> <del>The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Mark Marko Work</del>.

## THE PLAINTIFF

8. Plaintiff, Mark Marko, is the owner of the Copyright Registration that protects the creative content of the Mark Marko Work. Plaintiff is a photographer and designer. Plaintiff created a variety of ceramic mushroom products with his wife, Aksana Marko. They started making pottery several years ago under the name "Leily Cloud," which quickly developed into a family business. For the photographs at issue, Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.

3



https://leilycloud.com/collections/all?sort_by=best-selling

9. Plaintiff is the owner of the United States Copyright Registration that covers the Mark Marko Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**.

10. Marko has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in products advertised and marketed using the Mark Marko Work.

11. As a result of Plaintiff's efforts, the quality of authorized products marketed with the Mark Marko Work, the promotional efforts for products and designs that are authorized to use the Mark Marko Work, press and media coverage, and social media coverage, members of the public have become familiar with the Mark Marko Work and associate it exclusively with Plaintiff.

12. Marko has made efforts to protect Plaintiff's interests in and to the Mark Marko Work. No one other than Marko and his family business is authorized to reproduce, display, advertise, create derivative works, offer for sale, or sell any goods utilizing, advertising, marketing,

4

featuring, or otherwise using the Mark Marko Work without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANT'S² UNLAWFUL CONDUCT**

13. Defendants are is an individuals and business entityies who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois and has copied and displayed and, on information and belief, continues to copy and display without authorization the photographs protected by the Mark Marko Work to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

14. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

15. The Mark Marko Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

16. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Mark Marko Work, including derivative works. The Mark Marko Work us the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

17. ~~Each~~ Defendant had access to the Mark Marko Work via the internet, where the design appears on Plaintiff's authorized website~~Defendant, without the permission or consent of Plaintiff, has and continues to reproduce and display pirated photographs and derivative works of the copyrighted Mark Marko Work. Each Defendant has violated at least Plaintiff's exclusive rights of reproduction and display. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.)~~.

18. Defendant's product listing reproduces the Mark Marko Work or is derived from the Mark Marko Work:

| Plaintiff's Mark Marko Work | Defendant's Infringing Image |
|---|---|
|  | |

19. Defendant, without the permission or consent of Plaintiff, has reproduced and displayed pirated photographs and derivative works of the copyrighted Mark Marko Work. Defendant has violated at least Plaintiff's exclusive rights of reproduction and display. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

6

20. <ins>Defendant's actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).</ins>

21. <ins>Defendant reaps the benefits of its unauthorized copying in the form of revenue and other profits from the sale of products using Plaintiff's photographs in its online listings.</ins>

22. <ins>As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.</ins>

~~1.~~ <ins>Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright</ins>~~As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.~~

~~2.~~<ins>23.</ins> ~~Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright~~.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant~~s~~ as follows:

1) That Defendant~~s~~, ~~the~~<ins>its</ins>~~ir~~ affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with <ins>it</ins>~~them~~ be permanently enjoined and restrained from:

   a. Using, copying, and displaying the Mark Marko Work or any reproductions, copies, or colorable imitations thereof in any manner;

   b. further infringing the Mark Marko Work and damaging Plaintiff's goodwill; and

   d. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store~~s~~, or any other online marketplace account that is being used

to make unauthorized copies or reproductions or being used to display without authorization any photograph or image that is derived from Plaintiff's copyright in the Mark Marko Work;

2) For Judgment in favor of Plaintiff against Defendants that they it hasve: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's' acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

5)

DATED: June 3, 2025June 2, 2025May 30, 2025              Respectfully submitted,

                              */s/ Keith A. Vogt*
                              Keith A. Vogt (Bar No. 6207971)
                              Keith Vogt, Ltd.
                              33 West Jackson Boulevard, #2W
                              Chicago, Illinois 60604
                              Telephone: 312-971-6752
                              E-mail: keith@vogtip.com

                              ***ATTORNEY FOR PLAINTIFF***